**NOT FOR PUBLICATION**

**FILED**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

JUL 22 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| Mr. KEVIN B. WILLIAMS, Admin,<br><br>    Plaintiff - Appellant,<br><br>v.<br><br>COMMISSIONER OF SOCIAL<br>SECURITY ADMINISTRATION,<br><br>    Defendant - Appellee. | No. 24-6488<br>D.C. No.<br>3:23-cv-03210-SK<br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Sallie Kim, Magistrate Judge, Presiding

Submitted July 15, 2026[**]

Before: BERZON, NGUYEN, and OWENS, Circuit Judges.

Kevin B. Williams appeals from the district court's dismissal of his claims

against the Social Security Commissioner and denial of leave to amend. As the

parties are familiar with the facts, we do not recount them here. We have

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 28 U.S.C § 1291, and we affirm.

1.  The district court did not err in dismissing Williams' claim for lack of subject matter jurisdiction and failure to state a claim.  "We review a district court's dismissal for failure to state a claim or for lack of subject matter jurisdiction de novo." *Corrie v. Caterpillar, Inc.*, 503 F.3d 974, 979 (9th Cir. 2007).

Under the Little Tucker Act, district courts have concurrent jurisdiction with the United States Court of Federal Claims for certain money claims against the United States not exceeding $10,000.  28 U.S.C. § 1346(a)(2).  For a district court to exercise such jurisdiction, the claim must be, among other things, asserted against the United States and based on a violation of the United States Constitution, federal law or regulation, or contract with the United States.  *Id.; see also United States v. Bormes*, 568 U.S. 6, 10 (2012).

The district court did not err in concluding that it lacked subject matter jurisdiction and that Williams failed to state a claim, as Williams has not established a cognizable violation of a federal law or regulation, or the Constitution.

Agency regulations permit non-lawyers to be compensated for their representation services. But the regulations require the non-lawyers to first qualify as an "Eligible for Direct Pay Non-Attorney Representative" ("EDPNA").  42

U.S.C. § 406; 20 C.F.R. § 404.1717. Williams failed to qualify as such an EDPNA. Williams alleges that he was denied access to apply as an EDPNA and that had he been given the opportunity, he would have met the necessary criteria. While the record shows that Williams did submit an application, he completed only the first of many required steps. *See* 20 C.F.R. § 404.1717; 42 U.S.C. § 406(e) (listing the seven required steps). Without his EDPNA status, Williams thus could not receive direct payment from the SSA, so there was no regulatory violation. *See* 20 C.F.R. § 404.1730(b)(2). Furthermore, Williams' argument that the Fourteenth Amendment's Equal Protection Clause entitles him to relief is unavailing, as that clause is not applicable to federal officials.

2. The district court did not abuse its discretion in denying Williams leave to amend, as amendment would have been futile. *See Texaco, Inc. v. Ponsoldt*, 939 F.2d 794, 798 (9th Cir. 1991) (standard of review). "A district court acts within its discretion to deny leave to amend when amendment would be futile." *V.V.V. & Sons Edible Oils Ltd. v. Meenakshi Overseas, LLC*, 946 F.3d 542, 547 (9th Cir. 2019) (internal quotation marks and citation omitted).

Such is the case here. Williams cannot establish that he was an EDPNA—or that he followed the SSA's procedures to be an EDPNA—and thus cannot allege that he qualifies for relief. To the extent that Williams references new evidence by the SSA and new legal issues, this court considers neither on appeal. *See Calvary*

3                                                                    24-6488

*Chapel Bible Fellowship v. Cnty. of Riverside*, 948 F.3d 1172, 1177 (9th Cir. 2020) ("[W]e will not consider issues raised for the first time on appeal.").

**AFFIRMED.**